(71 Misc. Rep. 502.)

REIBLICH v. CROPSEY, Police Com'r.

(Supreme Court, Special Term, New York County. April, 1911.)

1. MUNICIPAL CORPORATIONS (§ 185*)—POLICEMEN—REMOVAL FOR INSANITY.
　　The insanity for which the charter of the city of New York authorizes the removal of a policeman is not mere temporary aberration of mind, the symptom of some acute disease, but a permanent condition, rendering a member unable to perform duty.
　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 185*) — DISMISSAL OF POLICE OFFICER —
   GROUNDS.

    A dismissal of a policeman by the police commissioner because of in-
sanity must be based on the actual insanity of the person dismissed and
his inability to perform duty at the time of his dismissal, and where such
fact is disputed, on the application of the officer, an alternative writ of
mandamus for his reinstatement will be issued to enable the matter to
be determined.

    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
185.*]

Application of August Reiblich for writ of mandamus against
James C. Cropsey, Police Commissioner of the City of New York.
Motion for alternative writ granted.

Grant & Rouss, for petitioner.
Archibald R. Watson, Corp. Counsel (Arthur Sweeney, of counsel),
for respondent.

GUY, J. The petitioner herein asks that a peremptory writ of man-
damus be ordered directing his reinstatement to the position of pa-
trolman in the police department of the city of New York, from
which position he was dismissed by the then police commissioner upon
the ground that he was of unsound mind, on the 22d day of Septem-
ber, 1910. It appears that or about the 27th day of June, 1910, the
petitioner reported sick, and on the recommendation of one of the
police surgeons of said department was granted a sick leave until the
22d day of September, 1910; that subsequently, on or about the 22d
day of July, 1910, the petitioner, on the certificate of two physicians,
was adjudged to be insane and of unsound mind by a justice of the
Supreme Court, and was committed by said justice to one of the state
hospitals for the insane for custody and treatment; and that petitioner
was an inmate of said state hospital at the time of his dismissal from
the police force.

It is alleged, however, by the petitioner that, though an inmate of
said state hospital at the time of his dismissal, he was at that time of
sound mind, memory, and understanding, and capable of performing
police duty. This allegation is denied in affidavits presented by the re-
spondent. Section 300 of the charter of the city of New York (Laws
1901, c. 466), provides as follows:

    "But no member or members of the police force, except as otherwise pro-
vided in this chapter, shall be * * * dismissed from the police force until
written charges shall have been made or preferred against him or them, nor
until such charges have been examined, heard and investigated before the
police commissioner or one of his deputies upon such reasonable notice to the
member or members charged, and in such manner of procedure, practice, ex-
amination and investigation as the said commissioner may, by rules and regu-
lations, from time to time prescribe. * * * Any member of the police
force who may hereafter become insane or of unsound mind, so as to be un-
able or unfit to perform full police service or duty, may be removed and dis-
missed from the police force by the commissioner."

It is urged by the respondent that the power to dismiss a member
of the police force who has become insane or of unsound mind is a
summary power, to be exercised for the safeguarding of the public

welfare, and was intended by the Legislature to be so exercised without written charges or a hearing thereon following reasonable notice. The necessity for the exercise of such summary power is not apparent. The power of suspension from duty would be sufficient to meet every emergency of this character. The apparent reason for the adoption of this provision of the statute in connection with the general provision providing for the service of written charges and the granting of a hearing thereon is to prevent a member of the police force who has become insane and thereby unfit for duty, and who, for that reason, is incapable of receiving written charges or offering a defense thereto, from being continued indefinitely upon the pay roll of the department without rendering adequate service therefor.

In my opinion the statute does not contemplate that such removal on the ground of insanity rendering the member of the force unfit for full police duty shall be a matter resting entirely in the discretion of the commissioner of police, to be exercised by him without regard to the rights of the police officer under the civil service laws and as a contributor to the pension fund of the department. It is to be noted that the statute does not make the fact that a police officer has become insane or of unsound mind sufficient cause for dismissal from the force. The further provision is made that it shall be such insanity or unsoundness of mind as to render him "unable or unfit to perform full police service or duty." The language "so as to be unable or unfit to perform full police service or duty" clearly refers to the time of dismissal from the force.

[1] The statute does not refer to temporary aberration of mind or delirium which may be a symptom of or the accompaniment of some acute form of disease. It has in contemplation a permanent condition of insanity or mental unsoundness such as will render the member of the force unable or unfit to perform police duty. The fact that the petitioner had some months prior to his dismissal been adjudged insane by a justice of the Supreme Court upon an ex parte application, and that he was at the time of his dismissal still incarcerated in a state hospital for the insane, would be only prima facie evidence of insanity or mental unsoundness which might be entirely overcome by proof of his then actual mental soundness and fitness for duty on the date of his dismissal from the force.

[2] The dismissal must be based upon the actual insanity, or unsound mental condition of the person dismissed and his inability and unfitness to perform duty at the time of his dismissal. This is a disputed question of fact, and therefore a peremptory writ cannot be issued. The motion for an alternative writ is granted.

Motion granted.